UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**BETH BRADLEY**, individually and on behalf of all others similarly situated,

                  Plaintiff,

vs.

**SELIP AND STYLIANOU, LLP**, a New York LLP, and **MIDLAND FUNDING, LLC**, a Delaware LLC,

                  Defendants.
_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, BETH BRADLEY (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of all others similarly situated, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this Complaint against Defendants, SELIP AND STYLIANOU, LLP ("SELIP") and MIDLAND FUNDING, LLC ("MIDLAND") (collectively referred to as "DEFENDANTS") and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANTS' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4. PLAINTIFF is a natural person residing in Webster, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. SELIP was formed in New York, the principal purpose of whose business is the collection of debts, with a principal place of business at 199 Crossways Park Drive, Woodbury, New York, 11797.

8. MIDLAND was formed in Delaware, the principal purpose of whose business is the collection of debts, with a principal place of business at 2365 Northside Drive Suite 300, San Diego, California, 92108.

9. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Upon information and belief, MIDLAND controls SELIP's collection activities, such that there exists a principal-agent relationship between MIDLAND and SELIP respectively.

11. As such, MIDLAND is vicariously liable for SELIP's FDCPA violations.

## STATEMENT OF FACTS

12. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13. In or about February, 2011, MIDLAND, through its law firm, SELIP, filed a lawsuit against PLAINTIFF regarding a past-due credit card debt.

14. On or about August 2, 2011 DEFENDANTS obtained a default judgment against PLAINTIFF.

15. Upon information and belief, PLAINTIFF does not owe this debt.

16. PLAINTIFF contacted SELIP to explain that this was not her debt in or about September, 2016.

17. Nevertheless, on or about January 6, 2017, SELIP initiated wage garnishment proceedings by serving PLAINTIFF's employer with an information subpoena.

18. PLAINTIFF's colleagues discovered that she had been served with the information subpoena.

19. PLAINTIFF suffered embarrassment and emotional distress as a result of publicly receiving this notice at work, which led to her quitting that job.

20. On or about February 14, 2017, PLAINTIFF called SELIP to inform them that the debt was not hers and that her identity had been stolen.

21. On or about March 29, 2017, SELIP mailed a form letter to PLAINTIFF in connection with the collection of a debt, a true and correct copy of which is attached as **Exhibit 1**.

22. In this letter, DEFENDANTS state the balance of $1,182.23. *Id.*

23. This letter does not disclose that PLAINTIFF's balance may increase due to the addition of interest and fees. *Id.*

24. This letter also does not disclose that the amount of debt will increase over time, or that DEFENDANTS will accept payment of the amount set forth in full satisfaction of the claim if payment is made by a specified date. *Id.*

25. On or about April 6, 2017, SELIP mailed another letter to PLAINTIFF's counsel in connection with the collection of a debt, a true and correct copy of which is attached as **Exhibit 2**.

26. This letter states the balance as $1,183.77, and contains a disclosure that the balance will continue to increase due to the addition of interest. *Id.*

27. Upon information and belief, MIDLAND obtained PLAINTIFF's account when it was in default, and is also a debt collector per the FDCPA.

28. Upon information and belief, MIDLAND oversees the collection efforts of SELIP, including its form collection letters, and is, as such, vicariously liable for SELIP's FDCPA violations arising from such form letters.

29. Upon information and belief, there exists a principal-agent relationship between MIDLAND and SELIP, respectively.

30. Upon information and belief, the increase in PLAINTIFF's account balance is due to the addition of interest and/or fees.

## CLASS ACTION ALLEGATIONS

31. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 30 inclusive, above.

32. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a. Class One: a class consisting of consumers who:

        i. Reside in New York; and

      i. Within one year prior to the filing of this action;

      ii. Received a collection letter from SELIP;

      iii. Which did not disclose that the balance would increase due to interest and fees;

      iv. Which did not disclose that the amount of debt will increase over time,

      v. Which did not disclose that DEFENDANTS would accept payment of the amount set forth in full satisfaction of the claim if payment is made by a specified date;

      vi. Where the consumer's balance was increasing due to interest or fees.

33. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes that the class includes between 100 and 500 individuals whose identities can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

34. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANTS' letter violated 15 U.S.C. § 1692e by not disclosing that the balance would increase due to interest and fees, or that the balance would increase over time, or that DEFENDANTS would accept payment in full for a specified sum if received by a particular date, when the balance was increasing due to the addition of interest and fees;

    b. The identities of individuals who received a substantially similar collection

       letter from DEFENDANTS; and

    c. The total number of collection letters that DEFENDANTS mailed to consumers.

35. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

36. Upon information and belief, DEFENDANTS have a practice and policy of intentionally and systematically sending collection letters to consumers which do not state that the balance is increasing due to interest and fees, when such account balance is increasing due to interest and fees.

37. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

38. PLAINTIFF is committed to vigorously pursuing her claims.

39. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

40. A class action regarding the issues in this case does not create any problems of manageability.

41. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e
AGAINST SELIP AND MIDLAND
BROUGHT BY PLAINTIFF INDIVIDUALLY
AND ON BEHALF OF THE CLASS**

42. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 41 inclusive, above.

43. A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

44. 15 U.S.C. § 1692e "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016).

45. If the collector does not notify the consumer that their account balance may increase due to interest and fees, they may nevertheless avoid liability under 15 U.S.C. § 1692e

> if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Id.* at 77.

46. On or about March 29, 2017, SELIP mailed a form letter to PLAINTIFF in connection with the collection of a deb. Ex. 1.

47. In this letter, DEFENDANTS state the balance of $1,182.23. *Id.*

7

48. This letter does not disclose that PLAINTIFF's balance may increase due to the addition of interest and fees. *Id.*

49. This letter also does not disclose that the amount of debt will increase over time, or that DEFENDANTS will accept payment of the amount set forth in full satisfaction of the claim if payment is made by a specified date. *Id.*

50. On or about April 6, 2017, SELIP mailed another letter to PLAINTIFF's counsel in connection with the collection of a debt. Ex. 2.

51. This letter states the balance as $1,183.77, and contains a disclosure that the balance will continue to increase due to the addition of interest. *Id.*

52. By not including any of the relevant disclosures in its March 29, 2017 letter, SELIP violated 15 U.S.C. § 1692e.

53. As a result of the FDCPA violations by SELIP, PLAINTIFF is entitled to an award of statutory damages.

54. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

55. Upon information and belief, MIDLAND directs and oversees the collection efforts of SELIP, including the approval of this form collection letter.

56. As such, MIDLAND is vicariously liable for SELIP's FDCPA violations.

57. PLAINTIFF has suffered the concrete injury of being deprived of her right to not receive communications from debt collectors that contain material misrepresentations, and she therefore has standing for the purposes of Article III.

///

///

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(2)(A)
### AGAINST SELIP AND MIDLAND
### BROUGHT BY PLAINTIFF INDIVIDUALLY

58. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 57 inclusive, above.

59. A debt collector may not falsely represent the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

60. "District courts have found that an attempt to collect a debt from a non-debtor constitutes a 'false representation' as to the character or status of the debt in violation of 1692e." *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 254 (S.D.N.Y. 2011) (collecting cases) (internal quotation marks omitted).

61. "[G]arnishing wages from someone who did not owe the debt falsely represents the legal nature of the debt under Section 1692e(2)(A) of the FDCPA." *Reid v. LVNV Funding, LLC*, 2016 U.S. Dist. LEXIS 7233, at *10 (D. Utah Jan. 20, 2016) (citing *Johnson v. Bullhead Invs.*, LLC, 2010 U.S. Dist. LEXIS 2382, 2010 WL 118274 at *6 (M.D.N.C. Jan. 11. 2010)).

62. In or about February, 2011, MIDLAND, through its law firm, SELIP, filed a lawsuit against PLAINTIFF regarding a past-due credit card debt.

63. On or about August 2, 2011 DEFENDANTS obtained a default judgment against PLAINTIFF.

64. Upon information and belief, PLAINTIFF does not owe this debt.

65. PLAINTIFF contacted SELIP to explain that this was not her debt in or about September, 2016.

66. Nevertheless, on or about January 6, 2017, SELIP initiated wage garnishment proceedings by serving PLAINTIFF's employer with an information subpoena.

67. PLAINTIFF's colleagues discovered that she had been served with the information subpoena.

68. PLAINTIFF suffered embarrassment and emotional distress as a result of publicly receiving this notice at work, which led to her quitting that job.

69. On or about February 14, 2017, PLAINTIFF called SELIP to inform them that the debt was not hers and that her identity had been stolen.

70. By proceeding with wage garnishment and attempting to collect a debt that PLAINTIFF does not owe, DEFENDANTS misrepresent the character and legal status of the debt, and therefore violated 15 U.S.C. § 1692e(2)(A).

71. While DEFENDANTS proceed with the wage garnishment, PLAINTIFF will also suffer actual damages in the amount garnished.

72. PLAINTIFF has suffered actual damages in the form of emotional distress and embarrassment.

73. As a result of the FDCPA violations by DEFENDANTS, PLAINTIFF is entitled to an award of statutory damages.

74. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

75. PLAINTIFF has suffered the concrete injury of being deprived of her right to not receive communications from debt collectors that contain material misrepresentations, and she therefore has standing for the purposes of Article III.

76. PLAINTIFF has further suffered the concrete injury of emotional distress, which also confers upon her standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

77. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of MIDLAND;

(4) For disgorgement of all of DEFENDANTS' revenues obtained through use of the letter at issue;

(5) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
April 12, 2017

[CONTINUED ON NEXT PAGE]

Respectfully Submitted,

**GESUND & PAILET, LLC**

<u>/s/ Alexander J. Douglas</u>

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
14 Franklin St., Ste 813
Rochester, NY  14604
Tel: (585) 703-9783
Fax: (504) 265-9492
alex@gp-nola.com